Marian F. Harrison
US Bankruptcy Judge

Dated: 6/28/2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CARLA RENEA SCARBROUGH** ) | BK No. 15-03894-MH3-7 |
| *aka* **CARLA RENEA ANDERSON** ) | |
| *aka* **CARLA R SCARBROUGH** ) | |
| ) | |
| Debtor(s), ) | |
| ) | |
| **SUSAN R. LIMOR, Trustee**, ) | ADV. NO. 3:17-ap-90076 |
| ) | |
| Plaintiff, ) | |
| ) | |
| **MICHELLE LEE ANDERSON,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Susan R. Limor, Trustee for the above-captioned estate, ("Trustee") filed the above-styled adversary complaint seeking to avoid fraudulent transfers and to recover the value of such transfers. A summary judgment motion was filed by the Trustee against Michelle Lee Anderson ("Defendant").

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c). *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, (1986).

1

For the following reasons, the Court finds that summary judgment is appropriate and that the Trustee is entitled to a judgment against the Defendant pursuant to 11 U.S.C. §§ 548, 550, and 551.

## I. UNDISPUTED FACTS

In June of 2004, Carla Renea Scarbrough (*aka* Carla Renea Anderson) ("Debtor") and the Defendant (the Debtor and the Defendant are collectively referred to as the "Parties") merged their assets with the intent to reside as domestic partners. In June of 2004, the Parties also moved into the same residence.

On or about April 16, 2014, the Defendant and the Debtor ended their personal relationship and entered into a Dissolution of Partnership Agreement ("Dissolution Agreement"). The Dissolution Agreement sets out the intent of the Parties to dissolve the partnership and separate assets purchased during the relationship:

> It is now the intent of the parties…to separate and dissolve the same domestic partnership, whereby the parties will equitably dissolve all assets ***bought with co-mingled funds***. This dissolution is hereby written as the ***intent of both parties*** as follows:
>
> (1) **Real Property**. Michelle L. Anderson will continue to reside at 206 Brentmeade Dr., Murfreesboro, Rutherford County, Tennessee. Carla R. Anderson will take possession of, and reside in, 1959 Cliffview Ct., Murfreesboro, Rutherford County, Tennessee. ***Both parties agree that both residences were purchased with mutual, co-mingled assets***…Michelle Anderson has the right to sell either property at any time. ***The proceeds from the sale of the houses will go to Michelle Anderson***…
>
> (2) **Art.** ***All art purchased during the relationship belongs to Michelle L. Anderson.***
>
> * * * *
>
> (5) **Automobiles/Motorcycles**. Michelle L. Anderson will keep the 2008 Mustang, Mark 1 package and 2012 Nissan Pathfinder, as well as the blue 2008 Honda Shadow 750 motorcycle. Carla R. Anderson will keep the

2

2007 Saab Turbo 9.3 and 2011 Nissan Titan, as well as the maroon 2008 Honda Shadow 750 motorcycle

(emphasis added).

Pursuant to the Dissolution Agreement, the partnership assets consisted of the following:

|    | **Description of Asset** |
|----|--------------------------|
| a. | Real property known as 206 Brentmeade Drive, Murfreesboro, Tennessee ("Brentmeade Property") |
| b. | Real Property known as 1959 Cliffview Court, Murfreesboro, Tennessee ("Cliffview Property"). |
| c. | Art purchased during the relationship ("Artwork") |
| d. | 2008 Mustang, Mark 1 package |
| e. | 2012 Nissan Pathfinder |
| f. | 2008 Honda Shadow 750 Motorcycle (Blue) |
| g. | 2007 Saab Turbo 9.3 |
| h. | 2011 Nissan Titan |
| i. | 2008 Honda Shadow 750 Motorcycle (Maroon) |

Pursuant to the Dissolution Agreement, the Defendant was awarded two parcels of real property, Artwork purchased during the relationship, and three vehicles (2008 Mustang, 2012 Nissan Pathfinder, and 2008 Honda Shadow). Pursuant to the Dissolution Agreement, the Debtor was awarded only three vehicles (2007 Saab Turbo, 2011 Nissan Titan, and Maroon Honda Shadow). The Trustee valued the Blue Honda Shadow at $3400.00 but was unable to determine the values of the Mustang or the Pathfinder because the Defendant did not provide the relevant information. The values of the vehicles awarded to the Debtor were $4300.00, $100.28, and $3400.00, respectively. The Trustee asserts that the vehicles were distributed equally and have no impact on whether the Debtor received reasonably equivalent value. The Defendant made no effort to refute this fact, and the Court accepts the Trustee's statement. Regarding the real properties and the Artwork, the Dissolution Agreement provided an inequitable division. The Debtor should have received the following value:

3

| | |
|---|---|
| The Debtor's ½ value in the Brentmeade Property on April 16, 2014 ("Brentmeade Transfer"):<br>- Value of the Brentmeade Property on April 16, 2014 per insured value of the homeowners insurance policy dated February 25, 2014 = $226,000.00<br>- Less 10% Cost of Sale = ($22,600.00)<br>- Less Payoff to Lienholder = ($145,349.13)<br>- Equals equity on April 16, 2014 of $58,050.87 divided by 2 = $29,025.43 | $29,025.43 |
| The Debtor's ½ value in the Cliffview Property on April 28, 2015 ("Cliffview Transfer")[1]:<br>- Net Proceeds from the sale of the Cliffview Property on May 26, 2015 = $76,839.34 divided by 2 = $38,419.67 | $38,419.67 |
| The Debtor's ½ value in the Artwork on April 16, 2014 ("Artwork Transfer"):<br>- Value of the Artwork on April 16, 2014 per insured value of the homeowners insurance policy dated February 25, 2014 = $40,000.00 divided by 2 = $20,000.00 | $20,000.00 |
| **The Debtor's ½ Value in Partnership Assets:** | **$87,445.10** |

The Debtor commenced the above-captioned bankruptcy case by filing a voluntary chapter 7 petition on June 8, 2015 ("Petition Date"). *See* Docket Entry 1 in Case 3:15-bk-03894.

The Debtor has filed three bankruptcy cases in the United States Bankruptcy Court for the Middle District of Tennessee. *See* Case 3:97-bk-0172; Case 3:05-bk-07327; and Case 3:15-bk-03894.

The list of assets and liabilities filed by the Debtor with her voluntary petition indicate that on the Petition Date, the Debtor had total assets of $53,630.00[2] and total liabilities of $1,060,148.00. *See* Docket Entry 1 in Case 3:15-bk-03894.

---

[1] The Defendant transferred 50% ownership interest in the Cliffview Property to the Debtor on October 30, 2013. In September of 2013, the Debtor moved from the Brentmeade Property into the Cliffview Property. On April 28, 2015, the Debtor transferred her 50% ownership interest in the Cliffview Property to the Defendant ("Cliffview Transfer"). The Defendant sold the Cliffview Property on May 26, 2015, and received net proceeds from the sale in the amount of $76,839.34. Due to these facts, the value the Defendant received for the sale of the Cliffview Property on May 26, 2015, is the value assigned to the Cliffview Property at the time of the Cliffview Transfer.

[2] The asset list includes a 2014 Nissan Titan, with a value of $41,000.00. Such asset was purchased on April 28, 2014, and is under lien to Nissan Motor Acceptance Corporation. Pursuant to Claim 1 filed in Case 3:15-bk-03894, there is $39,159.26 still owed on this lien.

The debts listed include the following debts that date back to the time of the Brentmeade Transfer and the Artwork Transfer (April 16, 2014):

|    | **Creditor's Name** | **Date Incurred** | **Amount of Claim** |
|----|---|---|---|
| 1. | Internal Revenue Service | for tax year 2010 | $28,000.00 |
| 2. | Internal Revenue Service | for tax year 2009 | $4,800.00 |
| 3. | Internal Revenue Service | for tax year 2013 | $69,000.00 |
| 4. | American Express | November 2010 | $21,000.00 |
| 5. | Middle TN Emergency Physicians PC | February 2013 | $400.00 |
| 6. | Middle TN Medical Center | February 2013 | $1,500.00 |
| 7. | Murfreesboro Radiology | April 2014 | $100.00 |
|    | **TOTAL DEBT ON APRIL 16, 2014** | | **At least $124,800.00[3]** |

The debts listed also include the following debts that date back to the time of the Cliffview Transfer (April 28, 2015):

|    | **Creditor's Name** | **Date Incurred** | **Amount of Claim** |
|----|---|---|---|
| 1. | Internal Revenue Service | for tax year 2010 | $28,000.00 |
| 2. | Internal Revenue Service | for tax year 2009 | $4,800.00 |
| 3. | Internal Revenue Service | for tax year 2013 | $69,000.00 |
| 4. | American Express | November 2010 | $21,000.00 |
| 5. | Middle TN Emergency Physicians PC | February 2013 | $400.00 |
| 6. | Middle TN Medical Center | February 2013 | $1,500.00 |
| 7. | Murfreesboro Radiology | April 2014 | $100.00 |
| 8. | Carl E. Wing MD PC | September 2014 | $1,900.00 |
| 9. | David C. Mathis EDD | June 2014 | $785.00 |
| 10. | Diagnostic Radiology Consultants | May 2014 | $145.00 |
| 11. | Helms CPA PLLC | October 2014 | $2,800.00 |
| 12. | Integrated Anesthesia Services PLC | July 2014 | $700.00 |
| 13. | John R. Manning MD | 2014 | $5,000.00 |
| 14. | Pathlab of Middle TN PC | June 2014 | $760.00 |
| 15. | Nissan Motor Acceptance Corporation | April 28, 2014 | $39,159.26 |
|    | **TOTAL DEBT ON APRIL 25, 2015** | | **At least $170,449.26[4]** |

---

[3] The Court cannot determine the dates of the other debt listed by the Debtor. This number is the amount of the debt supported by the record.

[4] The Court cannot determine the dates of the other debt listed by the Debtor. This number is the amount of the debt supported by the record.

5

## II. DISCUSSION

### A. Constructive Fraud

The Trustee seeks avoidance and recovery of the transfers of the Debtor's interests in the Brentmeade Property, the Cliffview Property, and the Artwork (collectively "Transfers") under 11 U.S.C. § 548(a)(1)(B). 11 U.S.C. § 548(a)(1)(B) provides in pertinent part as follows:

> (a)(1) The trustee may avoid any transfer…of an interest of the debtor in property, or any obligation…incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor…
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation….

The Defendant did not dispute that the Transfers occurred within two years before the Petition Date. Accordingly, from the record, the Court finds that the Transfers occurred within two years before the Petition Date.

By the time of the filing of her response to the Trustee's motion for summary judgment, and the subsequent hearings on the motion for summary judgment, the Defendant no longer disputed that the Debtor had an interest in the property transferred. Accordingly, from the record, the Court finds that the Debtor had an interest in the property transferred.

Therefore, by the time of the hearings, the Court was left to determine whether the Debtor received less than reasonably equivalent value in exchange for the Transfers and whether the Debtor was insolvent on the dates of the Transfers or became insolvent as a result of the Transfers.

#### 1. Reasonably Equivalent Value

The Parties had a domestic partnership before the law recognized same sex marriages in *Obergefell v. Hodges*, ___ U.S. ___, 135 S. Ct. 2584 (2015). Therefore, the Court is to review the

dissolution of the Parties' relationship under the same standards as a marital dissolution agreement under state law. The standards for measuring the fairness of property division in a domestic relation court are different than the equivalent value test. *See Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 707-708 (6th Cir. 1999) ("Ohio domestic relations courts, in making an equitable division of property in a divorce proceeding, apply a markedly different standard than the reasonably-equivalent-value test."). Other courts in the Sixth Circuit, when faced with similar facts, have noted the recognition in the *Fordu* case that divorce proceedings and fraudulent conveyance proceedings have different policy objectives and ultimately applied the definition of "value" found under 11 U.S.C. § 548(d)(2)(A) to determine whether reasonable value was exchanged. *See Stinson v. Stinson (In re Stinson)*, 364 B.R. 278, 282 (Bankr. W.D. Ky. 2007).

"The test used to determine whether a transfer was supported by reasonably equivalent value focuses on whether there is a reasonable equivalence between the value of property surrendered and that which was received in exchange." *Fordu* at 708.

The Trustee asserts that the Debtor received no consideration for the Transfers. The Defendant, on the other hand, asserts that the Dissolution Agreement took into account the value of the Debtor's interest in the partnership assets. However, the Defendant failed to support the allegedly contested facts with competent summary judgment evidence.

Under LBR 7056-1(b)[5], the Defendant, as the party opposing a motion for summary judgment was required to:

> …respond to each fact set forth by the movant by either (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (3) demonstrating that the fact is disputed. Each disputed fact ***must be supported by specific citation of the record***.

---

[5] References to "LBR ____" are to the Local Rules of the United States Bankruptcy Court for the Middle District of Tennessee. *See* LBR 9029-1(b).

*Id.* (emphasis added).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, which is made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure, the Court may consider the fact undisputed when a party fails to properly address another party's assertion of fact. *See* Fed. R. Civ. P. 56(e). "The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). "The non-moving party may not rest solely on the allegations in the complaint, but must delineate specific evidence that shows there is a genuine issue for trial." *Withco, LLC v. Republic Servs. of Tennessee, LLC*, 818 F. Supp. 2d 1040, 1047 (M.D. Tenn. 2011).

In the present case, the record reflects that the Debtor's interest in the Brentmeade Property, Cliffview Property, and Artwork at the time of the Transfers was worth a total of $87,445.10 and the Debtor received $0.00. In other words, the value of the assets surrendered by the Debtor was $87,445.10, and the value of the assets received by the Debtor in exchange was $0.00. The Defendant failed to provide specific evidence to the contrary. Accordingly, the Court finds that the Debtor received less than a reasonably equivalent value in exchange for the Transfers.

### 2. <u>Insolvency</u>

The Debtor was insolvent on the date of each transfer or became insolvent as a result of each transfer.

The pertinent part of the definition of "insolvent" is found under 11 U.S.C. § 101(32):

(A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of-- (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under section 522 of this title….

8

Case 3:17-ap-90076    Doc 26    Filed 06/29/18    Entered 06/29/18 08:14:54    Desc Main
Document    Page 8 of 10

The following best sums up the test for insolvency:

> Insolvency for the federal causes of action is limited to balance sheet insolvency. "Insolvency then is basically a balance sheet test: that is, a debtor is insolvent when the debtor's liabilities exceed the debtor's assets, excluding the value of preferences, fraudulent conveyances and exemptions." *Foreman Indus., Inc. v. Broadway Sand and Gravel (In re Foreman Indus., Inc.)*, 59 B.R. 145, 149 (Bankr. S.D. Ohio 1986). Insolvency determinations are factual issues. *Id*. at 149. Trustee bears the burden of proof with respect to the issue of insolvency under the Uniform Fraudulent Conveyance Act. *Yoder v. T.E.L. Leasing, Inc. (In re Suburban Motor Freight, Inc.)*, 124 B.R. 984 (Bankr. S.D. Ohio 1990); *Cellar Lumber Co. v. Holley*, 9 Ohio App.2d 288, 224 N.E.2d 360 (1967).

*Silagy v. Gagnon (In re Gabor)*, 280 B.R. 149, 160 (Bankr. N.D. Ohio 2002).

The Trustee set forth facts indicating that the Debtor was insolvent on the dates of the Transfers, and the Defendant's assertions that these facts are disputed was unsupported by competent summary judgment evidence. *See* Fed. R. Civ. P. 56(e) and LBR 7056-1(b).

In the present case, the record reflects that the Debtor has a history of not paying her debts and of filing for chapter 7 bankruptcy. *See* Case 3:97-bk-0172; Case 3:05-bk-07327; and Case 3:15-bk-03894. Such history supports the fact that the Debtor was unable to pay her obligations as they became due.

Furthermore, the record reflects that on the date of the Brentmeade Transfer and the Artwork Transfer (April 16, 2014), the Debtor had liability of at least $124,800.00, which far exceeded the value of the assets the Debtor received pursuant to the Dissolution Agreement (three vehicles with an aggregate value of $7,800.28). Finally, on the date of the Cliffview Property transfer (April 28, 2015), the Debtor had liability of at least $170,449.26, which far exceeded the value of the Debtor's assets of $53,630.00 (the value of the Debtor's assets on the Petition Date). Accordingly, the Court finds that the Debtor was insolvent on the dates of the Transfers or became insolvent as a result of the Transfers.

9

### B. Actual Fraud

The Trustee's complaint pled two distinct causes of action: (1) constructive fraud pursuant to 11 U.S.C. § 548(a)(1)(B); and (2) actual fraud pursuant to 11 U.S.C. § 548(a)(1)(A). The Trustee did not seek summary judgment based on her claim of actual fraud pursuant to 11 U.S.C. § 548(a)(1)(B), and this Court is not ruling on such claim.

### C. Recovery for Benefit of Estate

The Trustee finally asserts through the complaint, that she may recover the value of the Transfers from the Defendant pursuant to 11 U.S.C. § 550.

Under 11 U.S.C. § 550(a), to the extent that the Trustee is successful in avoiding the Transfers pursuant to 11 U.S.C. § 548, she "may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property from… (1) the initial transferee of such transfer…."

The Defendant did not dispute that she was the initial transferee of the Transfers. Accordingly, from the record, the Court finds that the Defendant is the initial transferee and the Trustee is entitled to recover the amounts of the Transfers from the Defendant.

### III. CONCLUSION

Accordingly, the Court finds that the summary judgment motion of the Trustee should be granted, that the Transfers are avoided pursuant to 11 U.S.C. § 548(a)(1)(B), and the Trustee is granted a judgment against the Defendant in the amount of the Transfers pursuant to 11 U.S.C. § 550.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.